# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

PILGRIM BANK, ET AL.

-vs-

IMPERIAL FIRE & CASUALTY
INSURANCE CO., ET AL.

CIVIL ACTION NO. 05-1221

JUDGE LITTLE

## ORDER

This case arrives before the court after a rather circuitous passage through the judicial system.  First, the plaintiffs filed a petition in state court in Camp County, Texas on 11 May 2004 [Doc. #1].  On 30 July 2004, the defendants removed the case to the United States District Court for the Eastern District of Texas [#2].  The federal court in Texas granted a motion to change venue to the Western District of Louisiana on 8 June 2005.  This court now finds that additional briefing is necessary on the issue of subject matter jurisdiction.

A federal court cannot adjudicate a case without proper subject matter jurisdiction.  See Arbaugh v. Y&H Corp., 126 S. Ct. 1235, 1244 (2006).  As such, the failure of an opposing party to raise subject matter jurisdiction does not create jurisdiction.  See Ziegler v. Champion Mortgage Co., 913 F.2d 228, 229 (5th Cir. 1990) (noting that it is "well settled that the parties cannot waive a want of subject matter jurisdiction").  Rather, courts must raise subject matter jurisdiction *sua sponte* should the parties fail to address it.  Union Planters Bank Nat. Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004) (stating that "federal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte").

Defendants may only remove a case over which the federal court could have exercised original jurisdiction. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 592 (2004) (noting that "[r]emoval jurisdiction, after all, is totally dependent on satisfaction of the requirements for original jurisdiction"). In this case, the defendants premise removal on diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of the parties, meaning that "no party [may] be a citizen of the same state as any opposing party." Ziegler, 913 F.2d at 229.

It appears from the papers submitted to the court that the defendants are Louisiana citizens. In addition, it appears that Pilgrim Bank is a Texas citizen. The notice of removal states that Gary McFerrin, the other plaintiff, "is a resident and citizen of Camp County, Texas." Notice Removal ¶ 6. Gary McFerrin, however, is suing both in his individual capacity and on behalf of the estate of Nicholas McFerrin.

The court therefore presently believes that 28 U.S.C. § 1332(c)(2) applies. This statute reads that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). Accordingly, it appears to the court that, in determining the citizenship of Gary McFerrin for diversity jurisdiction purposes, the court looks to the citizenship of the decedent, Nicholas McFerrin. See Acridge v. Evangelical Lutheran Good Samaritan Soc'y, 334 F.3d 444, 447-53 (5th Cir. 2003) (holding that district court lacked subject matter jurisdiction over an action involving a Colorado plaintiff and Texas defendant, because plaintiff acted in representative capacity for decedent with Texas citizenship). If Nicholas McFerrin is deemed a Louisiana citizen, therefore, complete diversity does not exist and the court must remand this case to state

court.  See, e.g., Texas v. Merck & Co., 385 F. Supp. 2d 604, 608 (W.D. Tex. 2005)

(remanding for lack of complete diversity or federal question jurisdiction).

While the papers are not entirely clear, considerable evidence suggests that Nicholas

McFerrin, the decedent, was a Louisiana citizen.  The defendants' motion for summary

judgment [#18] states that Nicholas McFerrin was "a resident of Natchitoches, Louisiana."

Defs.' Mot. Summ. J. ¶ 2.  The accompanying memorandum states that "[t]he late Nick

McFerrin at all relevant times lived in Louisiana."  Defs.' Mem. 12.  The defendants also

filed a statement of facts generally not in dispute that states, *inter alia*, that "[u]pon

information and belief, at all times material herein, the insured, Nick McFerrin, had a valid

Louisiana driver's license."  Defs.' Statement Facts ¶ 6; see also Defs.' Exhibit E (police

report indicating Louisiana driver's license, Louisiana address and Louisiana license plate);

Defs.' Exhibit F (Louisiana automobile registration indicating Louisiana address).

In light of the foregoing, the court finds that additional briefing is necessary on the

issue of subject matter jurisdiction.  The defendants are ORDERED to brief this issue for the

court within 30 days.

Alexandria, Louisiana

10 April 2006

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE