# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| **PILGRIM BANK, ET AL.** | **CIVIL ACTION NO. 05-1221** |
| -vs- | **JUDGE LITTLE** |
| **IMPERIAL FIRE & CASUALTY INSURANCE CO., ET AL.** | |

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by defendants Imperial Fire & Casualty Company and Louisiana General Agency (collectively, "Imperial") on 9 January 2006 [Doc. #18]. This court has raised *sua sponte* the issue of subject matter jurisdiction. For the following reasons, the court REMANDS this case to the state District Court of Camp County, Texas.

## FACTUAL HISTORY

On 27 February 2002, Nicholas McFerrin entered into a contract with Imperial to provide, *inter alia*, collision insurance for his automobile. Compl. ¶ 12. This policy covered the automobile for a period of six months from 27 February 2002 to 27 August 2002. Id. Also on 27 February 2002, Nicholas McFerrin took out a loan from Pilgrim Bank to purchase the automobile insured by Imperial. Id. ¶¶ 13. Gary McFerrin, the father of Nicholas McFerrin, co-signed on this loan. Id. ¶ 14. This loan gave Pilgrim Bank a security interest in the automobile. Id. ¶ 13.

On 11 May 2003 Nicholas McFerrin died in a single car accident that also totaled the insured automobile. Id. ¶ 19. Gary McFerrin attempted to collect on a collision claim from Imperial as a result of this accident, but the claim was denied in a 29 July 2003 letter. Nicholas McFerrin's blood alcohol level was 0.12% at the time of the accident. There was a "crime" exclusion in the policy in effect at the time of the accident covering driving while intoxicated. This exclusion was added unilaterally by Imperial for the third six-month period of insurance. The plaintiffs brought this action alleging breach of contract, violation of the Texas Deceptive Trade Practice Act, fraud, violation of two parts of the Texas Insurance Code, negligent misrepresentation, and that the "crime" exclusion is against public policy in Texas and therefore must be set aside.

## PROCEDURAL HISTORY

On 11 May 2004, Pilgrim Bank and Gary McFerrin, individually and on behalf of the estate of Nicholas McFerrin (collectively, "Pilgrim"), filed a complaint against Imperial in the District Court of Camp County, Texas [#1]. On 30 July 2004, Imperial removed the case to the Eastern District of Texas. The federal court in Texas granted a motion to change venue to the Western District of Louisiana on 8 June 2005 and a transfer order was entered on 25 July 2005 in the Western District of Louisiana [#7].

On 9 January 2006, Imperial moved for summary judgment [#18]. On 24 January 2006, Pilgrim filed a response to the motion for summary judgment [#20]. On 27 January 2006, Pilgrim filed a supplemental statement of material facts in dispute [#27]. On 13 February 2006, Imperial replied [#29].

## DISCUSSION

Upon arrival in the United States District Court for the Western District of Louisiana, the court expressed some concern over the basis for subject matter jurisdiction in this case. This case involves defendants with Louisiana citizenship. Plaintiff Pilgrim Bank is a Texas citizen. Plaintiff Gary McFerrin is a Texas citizen and brought this action both individually and on behalf of the estate of Nicholas McFerrin, the deceased. Nicholas McFerrin is a Louisiana citizen, and therefore his presence as a plaintiff would destroy diversity.

A federal court cannot adjudicate a case without proper subject matter jurisdiction. See Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006). As such, the failure of an opposing party to raise subject matter jurisdiction does not create jurisdiction. See Ziegler v. Champion Mortgage Co., 913 F.2d 228, 229 (5th Cir. 1990) (noting that it is "well settled that the parties cannot waive a want of subject matter jurisdiction"). Rather, courts must raise subject matter jurisdiction *sua sponte* should the parties fail to address it. Union Planters Bank Nat. Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004) (stating that "federal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte").

Defendants may only remove a case over which the federal court could have exercised original jurisdiction. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 592 (2004) (noting that "[r]emoval jurisdiction, after all, is totally dependent on satisfaction of the requirements for original jurisdiction"). In this case, the defendants premise removal on diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of the parties, meaning that "no party [may] be a citizen of the same state

3

as any opposing party." Ziegler, 913 F.2d at 229. Federal courts should construe statutes permitting removal narrowly in order to give the required deference to state powers. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941) ("[T]he policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation.").

28 U.S.C. § 1332(c)(2) states that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." As such, it would appear that Gary McFerrin, as the representative of the estate of Nicholas McFerrin, would by statute be deemed a Louisiana citizen, thereby destroying diversity.

On 10 April 2006, the court ordered the defendants to brief the issue of subject matter jurisdiction [#30]. On 27 April 2006, Imperial filed a memorandum with regard to subject matter jurisdiction [#31]. Imperial's briefing contained little detail and citation to only one case, a decision from the United States Court of Appeals for the Seventh Circuit. In addition, nearly all of the two-page brief that is not essentially a recitation of this court's order appears to be taken verbatim from Moore's Federal Practice Guide. In addition, on 3 May 2006, defendant Crows Bureau Insurance filed a memorandum citing the same case [#32].

The issue presented is whether Gary McFerrin is properly bringing this suit on behalf of the estate of Nicholas McFerrin or instead is doing so only in his individual capacity. If he is bringing the action in a representative capacity, he would be deemed a Louisiana citizen pursuant to 28 U.S.C. § 1332(c)(2) above, thereby destroying diversity and requiring remand. Alternatively, if Gary McFerrin can bring this suit only in his individual capacity

4

then 28 U.S.C. § 1332(c)(2) does not apply and complete diversity exists.

Louisiana law concerning suits relating to deceased persons involves a patchwork of statutes. First, the general rule in the Code of Civil Procedure is that "an action to enforce an obligation is the property of the obligee which on his death is transmitted with his estate to his heirs, universal legatees, or legatees under a universal title, except as otherwise provided by law." LA. CODE CIV. PROC. ANN. art. 426. This provision only applies to "actions," but the statute states that "[t]hese rules apply also to a right to enforce an obligation, when no action thereon was commenced prior to the obligee's death." Id. Under a plain reading of this article, this action could be brought in Gary McFerrin's representative capacity and therefore the action would be remanded for lack of diversity.

Louisiana also has a pair of statutes that apply specifically to survival and wrongful death actions. LA. CIV. CODE ANN. arts. 2315.1 & 2315.2. In such actions, the person designated to sue under the above statutes cannot do so in a representative capacity. Ascani v. Hughes, 470 So. 2d 207, 209 (La. Ct. App. 1985) (noting that "[t]he estate of a decedent is not among the designated beneficiaries" in the survival statute); Davis v. State Farm Mutual Ins. Co., 208 So. 2d 412, 413 (La. Ct. App. 1968) (stating that "provisional administrator could not recover for the estate of decedent damages for wrongful death") (citing Succession of Roux v. Guidry, 182 So. 2d 109 (La. Ct. App. 1966). Instead, the plaintiff sues pursuant to a cause of action created in favor of himself by operation of the statute itself. Davis, 208 So. 2d at 413 (noting that wrongful death "action is limited to the beneficiaries specifically designated"). As such, the suit would not implicate 28 U.S.C. §

1332(c)(2) and the plaintiff's citizenship would be his own rather than the decedent's.

First, it is worth noting that both the survival and wrongful death statutes are in Title V of the Louisiana Civil Code, entitled "Obligations arising without Agreement." This is distinguished from Title IV of the Louisiana Civil Code, entitled "Conventional Obligations or Contracts." See, e.g., LA. CIV. CODE ANN. art. 1994 ("An obligor is liable for the damages caused by his failure to perform a conventional obligation."). In addition, the survival and wrongful death statutes are a subsection of Article 2315, entitled "Liability for Acts Causing Damages," which is a general damages statute for torts in Louisiana. LA. CIV. CODE ANN. art. 2315(A) ("Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."). This certainly suggests that the survival and wrongful death statutes are meant to apply in torts, rather than contracts. Nevertheless, it is worthwhile to explore these two statutes in more detail.

This action is not a wrongful death action. Wrongful death cases involve suits brought by relatives of the deceased "to recover damages which they sustained as a result of the death." LA. CIV. CODE ANN. art. 2315.2 (emphasis added). At the very least, cause of action A of the complaint is clearly not of this order, as it alleges breach of contract. It is not necessary to examine the other causes of action, as Gary McFerrin must be suing in his individual capacity with respect to all allegations to have federal subject matter jurisdiction.[1]

---

[1] While there is limited authority to support pendent jurisdiction in some diversity cases, the situation at bar does not present an appropriate opportunity for the exercise of such jurisdiction. Cf. Feigler v. Tidex, Inc., 826 F.2d 1435, 1439 (5th Cir. 1987) (refusing to apply pendent party jurisdiction in diversity case, as doing so "would compromise the venerable 'complete diversity' rule"); but see Borror v. Sharon Steel Co., 327 F.2d 165, 173 (3d Cir. 1964) (finding jurisdiction over survival and wrongful death claims on pendent theory even though one of these

The survival statute states that "[i]f a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive . . . in favor of [statutorily-designated persons]." LA. CIV. CODE ANN. art. 2315.1. Imperial's argument appears to be that Gary McFerrin brings his claims against Imperial under the survival statute. The statute, however, appears to address personal injuries. Id.; cf. In re Mary Belsom Welsh Qualified Trust, 733 So. 2d 1254, 1256 (La. Ct. App. 1999) (finding that trust dispute "is not an action arising under LA. CIV. CODE art. 2315.1, which establishes the survival action for recovery of damages arising out of an offense or quasi offense"). Imperial has cited to no Louisiana cases applying the survival statute to a breach of contract, and this court has found none.

The lone case to which defendants cite in their briefing is Milam v. State Farm Mutual Automobile Insurance Co., 972 F.2d 166 (7th Cir. 1992). In Milam, a case addressing a dispute prior to the passage of 28 U.S.C. § 1332(c)(2), the court dealt with a situation in which a decedent's wife and children sued his insurer relating to the decedent's uninsured motorist insurance. While the facts are not entirely clear, the citations in Milam suggest that the action was in the nature of a survival action pursuant to an uninsured motorist policy, whereby the insurer steps into the shoes of the uninsured (or in this case missing) wrongdoer. Id. (citing Louisiana survival statute and wrongful death case).

We have previously stated that this case is not in the nature of a survival or wrongful

---

two claims made parties nondiverse, as "the two statutes together have created a kind of legal hybrid, Siamese twins of the Pennsylvania law, joined together by the nexus of damages").

death action. Instead, Gary McFerrin brings a claim for breach of contract with the insurance company in his representative capacity. As such, he is deemed a Louisiana citizen for diversity purposes pursuant to 29 U.S.C. § 1332(c)(2). This case, therefore, does not present complete diversity of parties. Ziegler v. Champion Mortgage Co., 913 F.2d 228, 229 (5th Cir. 1990) ("From time immemorial, the Supreme Court has interpreted diversity jurisdiction to require that no party be a citizen of the same state as any opposing party."). This court lacks subject matter jurisdiction and therefore this case must be remanded.

## **CONCLUSION**

Based on the foregoing reasoning, this case is REMANDED to the state District Court of Camp County, Texas.

Alexandria, Louisiana

8 May 2006

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE